■ FAIR SHAKE REALTY CORPORATION, Respondent, v PETER A. MAYONE, Defendant, and MAYONE AMUSEMENT CORPORATION, Appellant.—Appeal from a judgment of the Supreme Court, entered September 20, 1977 in Greene County, upon a verdict rendered at a Trial Term in favor of plaintiff. The record contains ample evidence to support the jury determination that the plaintiff was entitled to a commission of $23,000 from the appellant, and, accordingly, the plaintiff proved its cause of action. The jury could readily find that after the broker had brought the appellant and buyer together, the appellant entered into private negotiations which resulted in a sale on substantially the same terms as originally contemplated. We find no error in the court's charge as to damages or its use of the word "business". Judgment affirmed, with costs against the appellant. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Herlihy, JJ., concur.

■ UNION NATIONAL BANK, Appellant, v JAMES L. DAVIS, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered March 16, 1978, which granted defendant's motion to vacate a default judgment. Default judgments are not favored, since the law prefers that issues be disposed of upon the merits (see *Ballard v Billings & Spencer Co.*, 36 AD2d 71, 76). Accordingly, where a default judgment is entered without compliance with the requirements therefor, that judgment is a nullity and must be vacated (*Red Creek Nat. Bank v Blue Star Ranch*, 58 AD2d 983, 984). CPLR 3215 (subd [e]) provides that the clerk is authorized to enter a default judgment against a defendant only when the proof of service is accompanied by proof by affidavit *made by the party* of the facts constituting the claim, the default and the amount due. Here, the affidavit was made by plaintiff's attorney rather than one of plaintiff's officers and is, therefore, not in compliance with the requirements of CPLR 3215 (subd [e]). Thus, we refrain from considering the issues of excusable default and the presence of a meritorious defense, the grounds relied upon by Special Term in granting defendant's motion (see *Woodstock Lake Assoc. v Pleasure Crest Corp.*, 65 AD2d 867). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.