■ GEORGIA PACIFIC CORPORATION, Respondent, v DONALD A. BAILEY et al., Appellants. (Action No. 1.) SIGNODE CORPORATION, Respondent, v SHIPPERS MANUFACTURING AND PACKAGING CORP., Defendant, and DONALD A. BAILEY et al., Appellants. (Action No. 2.)—Appeal, in Action No. 1, from an order of the County Court of Saratoga County, entered August 27, 1979, and, in Action No. 2, from an order of the same court, entered January 5, 1980, denying defendants' motions to vacate default judgments entered against them. These two actions were brought to recover on contracts for goods sold and delivered. The defendants did not appear and default judgments were taken. Special Term denied defendants' motions to vacate the default judgments. This appeal ensued, and defendants urge reversal on the grounds that service was defective and that the judgments are void for failure to file adequate papers pursuant to CPLR 3215 (subd [e]). We will consider the latter contention first. The record reveals that the affidavits of the facts constituting the claims were made by plaintiffs' attorney and not by a party, as required by the statute. Under these circumstances, each of the judgments is a nullity and must be vacated (*Union Nat. Bank v Davis,* 67 AD2d 1034). In light of this determination, it is unnecessary to consider any other issue. The orders must be reversed and the default judgments vacated. Orders reversed, on the law, with costs, and motions granted. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.

■ In the Matter of the Claim of ERNEST RAIO, Respondent, v HAWAII KAI RESTAURANT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compansation Board, filed October 18, 1978 and May 10, 1979. The board's decision that claimant's myocardial infarction was causally related to his employment is supported by substantial evidence in the whole record. On September 25, 1976, claimant, a guitarist, collapsed on stage during a "very fast" musical performance and was diagnosed as having suffered an acute myocardial infarction. Immediately preceding his performance that night, claimant had walked up five flights of stairs to a dressing room and had moved a 45- to 50-pound amplifier six or seven feet. Although the impartial specialist concluded that claimant's injury was not causally related, the record contains other medical testimony and reports which amply support the board's decision. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.