■ COLONIAL COUNTRY CLUB, INC., Appellant, v VILLAGE OF ELLENVILLE, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered September 16, 1981 in Ulster County, which denied plaintiff's motion for a default judgment and an assessment of damages against defendant Village of Ellenville and permitted the latter to serve an answer. Since plaintiff failed to comply with the requirements of CPLR 3215 (subd [e]), we affirm. Entry of a default judgment is allowable only when the

applicant files proof of service of the summons and complaint accompanied by an "affidavit made by the party of the facts constituting the claim, the default and the amount due" (CPLR 3215, subd [e]). With respect to the facts of the claim and amount due, a verified complaint, if one has been served, may be substituted for the affidavit. Here a verified complaint was not served and the moving affidavit was made by plaintiff's attorney rather than one of its officers. As that affidavit could not suffice to fulfill the statute's requirements, any judgment entered thereon would have been a nullity and its vacatur would have been required (*Natemeier v Heim,* 81 AD2d 1008; *Union Nat. Bank v Davis,* 67 AD2d 1034). We see no need to address any other issue. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.