EMILY FRECCIA, Respondent, v CATHERINE CARULLO, Appellant.

Second Department, April 25, 1983

**APPEARANCES OF COUNSEL**

*Henry Grant* for appellant.

*Donald S. Mazin* for respondent.

**OPINION OF THE COURT**

TITONE, J. P.

On this appeal the defendant argues that a default judgment obtained by plaintiff against her in the County Court, was void for lack of subject matter jurisdiction, and that neither laches nor the absence of a meritorious defense is a bar to its vacatur.

### THE FACTS

On March 1, 1978, Catherine Carullo, the defendant in this matter, was personally served with a summons with notice, dated February 23, 1978 (CPLR 305, subd [b]).

According to the notice, the object of the action was "to collect monies advanced by plaintiff on behalf of defendant". Judgment was sought in the sum of $854 with interest from December 1, 1977. In an affidavit by plaintiff's attorney, dated April 12, 1978, as to the facts constituting the claim in order to have a default judgment entered and to state the amount due, the attorney made the following assertion: "Malcolm Wein, being duly sworn, deposes and says: that the deponent is the plaintiff (s) [*sic*] in the within action; this action was commenced by PERSONAL AND MAILING service of the summons upon defendant and is an action for the recovery of amount due of $854.00 [to] plaintiff by the defendant for monies advanced by the plaintiff on behalf of the defendant for insurance premium at the request of the defendant. The grounds of deponent's belief as to all matters not stated on deponent's knowledge are as follows: Information filed with your deponent by the plaintiff (records). The basis of the venue is the residence of defendant."

On April 13, 1978, a default judgment was entered in favor of plaintiff and against defendant by the clerk of the court.

### MOTION TO VACATE DEFAULT JUDGMENT

By motion submitted May 28, 1981, some 37 months after entry of the default judgment, defendant moved to vacate that judgment on the ground that since only a summons with notice was served upon her, the default judgment was jurisdictionally defective because plaintiff's attorney submitted an affidavit of claim, instead of plaintiff as required by CPLR 3215 (subd [e]).

### DETERMINATION OF SPECIAL TERM

On June 2, 1981, Special Term denied defendant's motion to vacate the default judgment based on the fact that defendant had actual knowledge of the default judgment for more than three years and elected to do nothing. Special Term also concluded that not only was defendant guilty of laches, but it did not appear from the papers submitted on the motion that she had a meritorious defense to the action.

THE LAW

The following language contained in CPLR 3215 and 5015 is relevant in this case:

"§ 3215. Default Judgment

"(a) Default and entry. When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him. *If the plaintiff's claim is for a sum certain * * * application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest * * * Where the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment * * **

"(e) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316, *and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due. Where a verified complaint has been served it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or his attorney*" (emphasis supplied).

"§ 5015. Relief from judgment or order

"(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:

"1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry; or * * *

"4. *lack of jurisdiction to render the judgment or order*" (emphasis supplied).

DETERMINATION ON APPEAL

On appeal defendant correctly notes that on any application for a default judgment, a plaintiff who, *inter alia,* files proof of service of a summons and complaint, or a summons with notice (see CPLR 305, subd [b]), must personally also file or submit an affidavit of the facts constituting the claim, the default and the amount due. Defendant then argues that since in this case the affidavit supporting the application to enter a default judgment was not made by plaintiff but rather by her attorney, such defect was fatal to the validity of the default judgment, and hence it was void for want of jurisdiction. Defendant also asserts that since the default judgment was void, the fact that she had knowledge of its existence for approximately three years before electing to contest it, does not render her guilty of laches since an attack upon a void judgment may be made at any time, and may even be raised for the first time on an appeal.

It must be observed that there is a strong line of Appellate Division decisions supporting defendant's position that the subject default judgment is void for lack of subject matter jurisdiction. For example, in *Georgia Pacific Corp. v Bailey* (77 AD2d 682), two actions were brought against defendants to recover for goods sold and delivered. Defendants did not appear and default judgments were taken. Special Term denied defendants' motions to vacate the default judgments. On appeal defendants contended that service was defective, and the judgments were void because of plaintiffs' failure to file adequate papers pursuant to CPLR 3215 (subd [e]). The Third Department reversed and vacated the default judgments with the following succinct statement: "The record reveals that the affidavits of the facts constituting the *claims were made by plaintiffs' attorney and not by a party, as required by the* statute. Under these circumstances, each of the judgments is a nullity and must be vacated (*Union Nat. Bank v Davis,* 67 AD2d 1034). *In light of this determination, it is unnecessary to consider any other issue.* The orders must be reversed and the default judgments vacated" (emphasis supplied).

In a similar factual situation, the Third Department, in *Union Nat. Bank v Davis* (67 AD2d 1034), stated that:

"where a default judgment is entered without compliance with the requirements therefor, that judgment is a nullity and must be vacated (*Red Creek Nat. Bank v Blue Star Ranch,* 58 AD2d 983, 984). CPLR 3215 (subd [e]) provides that the clerk is authorized to enter a default judgment against a defendant only when the proof of service is accompanied by proof by affidavit *made by the party* of the facts constituting the claim, the default and the amount due. Here, the affidavit was made by plaintiff's attorney rather than one of plaintiff's officers and is, therefore, not in compliance with the requirements of CPLR 3215 (subd [e]). Thus, we refrain from considering the issues of excusable default and the presence of a meritorious defense, the grounds relied upon by Special Term in granting defendant's motion" (see *Woodstock Lake Assn. v Pleasure Crest Corp.,* 65 AD2d 867; *Red Creek Nat. Bank v Blue Star Ranch,* 58 AD2d 983, 984).

Significant support for defendant's position is also found in a case decided by this court in 1955, *Cooper Lbr. Co. v Masone* (286 App Div 879). In *Cooper,* plaintiff commenced an action by substituted service of process on December 5, 1941, pursuant to an order granted December 3, 1941, against defendant Masone. Proof of service on Masone was filed on December 6, 1941. None of the other named defendants was served, and none of the defendants interposed an answer. Upon application to the clerk of the court, judgment by default was entered against all defendants on December 27, 1941. Because of the fact that 30 days had not expired since the filing of the proof of service, the entry of the default judgment was premature under section 231 of the former Civil Practice Act. As to such defect of the entry of a premature default judgment, this court held that in view of the fact that proof was adduced that at least one of the codefendants knew of the existence of the judgment "many years ago", Special Term, in the exercise of its discretion, could properly refuse relief because of laches.

However, in reversing the order denying the defendant Masone's application to, *inter alia,* open the default, this court further noted that for the first time on appeal, it was urged that when the default judgment was entered in 1941 by the clerk, such a judgment founded upon nonpersonal

service could only be granted upon application to the court or a Judge thereof (former Civ Prac Act, § 493). This court then determined (pp 879-880): "Since the clerk acted without jurisdiction, the judgment entered herein is void * * * *Want of jurisdiction may be asserted at any time* * * * Accordingly, neither defendants' laches nor their failure to raise the jurisdictional question below is a bar to the granting of relief by this court" (emphasis supplied).

Thus, defendant has significant judicial precedent to support her request for reversal and the setting aside of the default judgment for want of subject matter jurisdiction despite her inordinate delay in seeking a postjudgment vacatur, and her failure to demonstrate a meritorious defense. Indeed what might be considered by many as hornbook law is the commonly used statement to the effect that an absolute want of jurisdiction of the subject matter cannot be waived, and an objection on that ground may be made at any time (see 21 CJS, Courts, §§ 109, 110).

However, within comparatively recent years, it has been recognized that the use of terms such as "want of subject matter jurisdiction", or "lack of jurisdiction" have been misapplied and have also engendered confusion, and that however deceptively attractive and convenient, such terms are both too simple and too expansive (see *Nuernberger v State of New York,* 41 NY2d 111, 115; *Lacks v Lacks,* 41 NY2d 71, 75). In fact one legal scholar has gone so far as to declare: "*Saying that a court lacks 'jurisdiction,' however, is essentially meaningless because the word has no single meaning*" (Farrell, 1977 Survey of New York Law, Civil Practice, 29 Syracuse L Rev 449, 467; emphasis supplied).

Pertinent to this discussion is the following comment by Chief Judge BREITEL in *Nuernberger v State of New York,* (*supra,* p 117): "The voidness rule is applied sketchily. The exceptions to the rule are applied equally sketchily * * * And, of course, the troubles and the tensions between the rule and exceptions are both caused by and sheltered by the elastic and versatile definition and use of the term 'jurisdiction'. *Sometimes the word means power to adjudicate* * * * Sometimes it means power to enforce orders against a person * * * Sometimes it means power to execute commitments against particular property * * * Sometimes

it means power to adjudicate over a category of cases and another time it means power to adjudicate a particular case * * * Sometimes this lack is fatal to the validity of any act of the tribunal. *And sometimes it results in valid process or mandate because the issuing court * * * was not wholly without competence to adjudicate something in the action before it*" (emphasis supplied).

Moreover, and even more germane to the case at bar, Chief Judge BREITEL in *Lacks v Lacks* (41 NY2d 71, 75, *supra*) elaborated on the central theme present both in that case and in *Nuernberger (supra)*, i.e., that absence of competence of a court to entertain an action deprives the court of *subject matter jurisdiction, but absence of power of a court to reach the merits of an action before it does not.*

In *Lacks (supra)*, plaintiff husband, relying upon liberalizing changes in the divorce laws of this State, amended his action for a separation to one for judgment of absolute divorce based upon the same allegations and proof underlying the original action for separation. On March 16, 1970, a judgment of divorce was granted. The judgment was affirmed by the Appellate Division on October 26, 1972, and leave to appeal was denied both by the Appellate Division and the Court of Appeals. Nearly two years after the final judgment was beyond further review, defendant, by a newly retained attorney, moved to vacate the judgment of divorce on the ground that the Supreme Court had been without subject matter jurisdiction to entertain the divorce action. The basis for such contention was that plaintiff had not been a resident of the State of New York for a full year preceding the commencement of the original action in violation of the provisions of section 230 of the Domestic Relations Law. In 1975, Special Term granted the wife's motion to set aside the judgment. However, the Appellate Division modified the order by denying the motion and reinstating the final judgment of divorce.

In writing the affirmance of the Appellate Division's determination reinstating the judgment of divorce, Chief Judge BREITEL opined, *inter alia,* that a statement that a court lacks jurisdiction to decide a case may in reality mean that the elements of a cause of action are absent. Similarly, he noted that questions of mootness and stand-

ing of parties may be characterized as raising questions of subject matter jurisdiction. However, he then stressed (pp 74-75):

*"But these are not the kinds of judicial infirmities to which CPLR 5015 (subd [a], par 4) is addressed. That provision is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order * * ***

*"Absence of competence to entertain an action deprives the court of 'subject matter jurisdiction'; absence of power to reach the merits does not"* (emphasis supplied).

Applying the "absence of competence" as opposed to the "absence of power" rule to the facts before the court in *Lacks,* Chief Judge BREITEL held that section 230 of the Domestic Relations Law merely provided that an action for divorce or separation may be maintained only when the residence requirements are met, and that nowhere in the statute did the word "jurisdiction" appear, much less an explicit limitation on the court's competence to entertain the action. *"In no way"*, continued Chief Judge BREITEL (pp 75-76), *"do these limitations on the cause of action circumscribe the power of the court in the sense of competence to adjudicate causes in the matrimonial categories. That a court has no 'right' to adjudicate erroneously is no circumscription of its power to decide, rightly or wrongly"* (emphasis supplied). Finally, in a lengthy conclusion, Chief Judge BREITEL held that the overly stated principle that lack of subject matter jurisdiction makes a final judgment absolutely void is not applicable to cases which do not involve jurisdiction but merely substantive elements of a cause for relief.

■ Returning to the case at bar, it is clear that both parties were properly before the County Court by virtue of plaintiff's effecting valid service of a summons with notice upon defendant. In addition, the amount of $854 sought by plaintiff in damages was well within the monetary limit prescribed for such court in the State Constitution (NY Const, art VI, § 11, subd a). Moreover, the defendant failed to interpose an appearance or answer within the statutory period. Thus, the court had subject matter jurisdiction over

the case which included the concomitant power to enter a default judgment in favor of plaintiff. That error was committed in entering such judgment because plaintiff's attorney, and not plaintiff, submitted the affidavit of facts constituting the claim, went, at most, only to a procedural element of plaintiff's right to enter a default judgment. It did not go to the competence of the court to adjudicate plaintiff's claim (cf. *Lacks v Lacks, supra; Nuernberger v State of New York, supra*). To grant defendant vacatur in this instance based solely and belatedly upon an absence of an element and not a jurisdictional defect with respect to plaintiff's claim would undo a judgment of approximately three years' standing and "undermine significantly the doctrine of *res judicata,* and * * * eliminate the certainty and finality in the law and in litigation which the doctrine is designed to protect" (*Lacks v Lacks, supra,* p 77).

Finally, one other argument raised by defendant on appeal should be briefly discussed. Defendant contends that since the clerk's power to enter judgment is jurisdictional, where judgment is entered by him without compliance with the statute, he exceeds his jurisdictional authority and thus any judgment entered under such circumstances is void, citing, *inter alia, Reynolds Securities v Underwriters Bank & Trust Co.* (44 NY2d 568).

In our opinion, the *Reynolds* case does not stand for the premise that the error made by the clerk in this instance renders the ensuing default judgment void for lack of subject matter jurisdiction. In *Reynolds*, the clerk of the court entered a default judgment in favor of plaintiff despite the fact that the damages sought could not be determined without extrinsic proof. In a footnote to Judge FUCHSBERG's opinion was the following statement (p 573, n 3): "Since the complaint was unverified and no affidavit of facts underlying the claim was filed, the clerk should not have entered the judgment even if the case before us had been one for a 'sum certain' (CPLR 3215, subds [a], [e] * * *)" (emphasis added).

However, although modifying the order of the Appellate Division dismissing the appeal, and remitting the matter to the Supreme Court for assessment of damages, the Court of Appeals not only did not vacate the default judgment on

the ground of voidness, but directed that (p 574) *"pending the final disposition of this action, the judgment affected by this decision should continue to stand as security"* (emphasis supplied). A mistake or irregularity committed by the clerk in entering a default judgment not going to jurisdiction, is not void but erroneous (49 CJS, Judgments, § 205).

In conclusion, it must be also mentioned that the statutory requirement that an affidavit of facts constituting the claim must be furnished by a party to the action where no verified complaint has been served, also applies under CPLR 3215 (subd [e]), where a Judge rather than the clerk enters a default judgment on behalf of the court. Thus, the fact that the clerk and not a Judge made a mistake in entering the default judgment without the requisite proof should not, per se, render it null and void.

Accordingly, the order appealed from should be affirmed.

THOMPSON, O'CONNOR and BRACKEN, JJ., concur.

Order affirmed, with $50 costs and disbursements.