STEVEN SLOVIK, Plaintiff, v WILLIAM WANG et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF YONKERS, Third-Party Defendant-Respondent.

In support of their application for a default judgment, the defendants and third-party plaintiffs submitted an attorney's affirmation. Because the complaint was not verified, this submission was defective as CPLR 3215 (e) requires "proof by affidavit made by the [moving] party of the facts constituting the claim, the default and the amount due". Therefore, a default judgment could not be entered (*Colonial Country Club v Village of Ellenville,* 89 AD2d 935; *Georgia Pac. Corp. v Bailey,* 77 AD2d 682; *Union Natl. Bank v Davis,* 67 AD2d 1034). In addition, we have previously held that entry of a default judgment on a third-party complaint should generally await the determination of liability in the main action and until a cause of action for indemnity has accrued (*Multari v Glalin Arms Corp.,* 28 AD2d

122, 124, *appeal dismissed* 23 NY2d 740). Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.