OPINION OF THE COURT
Dan Lamont, J.
Defendant-judgment-debtor moves that a default judgment *832 entered against him on January 12, 1983 be vacated and the action dismissed. Defendant makes such application under imminent threat of imprisonment for contemptuous and willful failure to comply with installment payment and contempt orders.
After careful consideration, this court holds and determines that the underlying judgment must be vacated to allow defendant the opportunity to answer and defend the claim upon the merits. Although the defendant-judgment-debtor has been guilty of loches and willful disobedience of a court order, the judgment entered with indifference to several statutory requirements must nevertheless be vacated.
THE FACTS
This action was commenced on November 18, 1982 by substituted service of a summons with notice upon defendant’s son. The amount claimed in the summons with notice is $4,203.53, with interest from May 4, 1977.
On January 12, 1983, plaintiff obtained a default judgment entered by the Schoharie County Clerk in the total sum of $4,476.69. Proof of substituted service was filed in the Schoharie County Clerk’s office on January 12, 1983 — the date the judgment was entered. The "proof’ by affidavit of the facts constituting the claim, the default and the amount due (CPLR 3215 [e]) consists of a printed form affidavit by plaintiffs attorney which reads as follows:
"The facts constituting this claim are as follows:
"For goods and merchandise sold and delivered
"and/or service rendered.”
An information subpoena completed by defendant-judgment-debtor in June 1983 and a letter dated June 14, 1983 from attorney Roger Mallery to plaintiff’s attorney establish that defendant-judgment-debtor has had actual knowledge of the default judgment against him continuously since June 14, 1983.
On March 18, 1985, this court made an installment payment order directing defendant-judgment-debtor to pay $25 per week to plaintiffs attorney. On August 28, 1985 this court signed a final order of contempt based upon defendant’s failure to make installment payments as directed, and on January 16, 1986 this court issued a warrant for defendant-judgment-debtor’s arrest.
*833 On May 2, 1986 in County Court, Schenectady County, the defendant-judgment-debtor by his attorney opposed his incarceration pursuant to the contempt order, and indicated his intention to move in Schoharie County Court to vacate the underlying judgment. County Court, County of Schenectady, granted defendant-judgment-debtor 30 days to comply with the installment payment order and purge himself of his contempt, after which he would be committed to jail.
On March 12, 1987, County Court, County of Schenectady, issued a warrant for the judgment debtor’s arrest. When brought before that court, defendant-judgment-debtor again indicated his intention to move in County Court, County of Schoharie, to vacate the underlying judgment — resulting in the commencement by order to show cause of the instant application by defendant.
THE LAW
CPLR 3215 insofar as applicable and relevant to this case provides as follows:
"(a) Default and entry. When a defendant has failed to appear * * * the plaintiff may seek a default judgment against him. If the plaintiff’s claim is for a sum certain * * * application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest * * *
"(e) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316, and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due. Where a verified complaint has been served it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or his attorney” (emphasis supplied).
CPLR 308 insofar as applicable and relevant to this case provides as follows:
"308. Personal service upon a natural person.
"Personal service upon a natural person shall be made by any of the following methods * * *
*834 "2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence; proof of such service shall be filed within twenty days thereafter with the clerk of the court designated in the summons; service shall be complete ten days after such filing” (emphasis supplied).
CPLR 5015 insofar as applicable and relevant to this case provides as follows:
"5015. Relief from judgment or order.
"(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
"1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry; or * * *
"4. lack of jurisdiction to render the judgment or order” (emphasis supplied).
CONCLUSIONS OF LAW
The "affidavit of the facts constituting the claim” was made by plaintiffs attorney and not by the party (plaintiff) as required by the statute (CPLR 3215 [e]), and the printed, boilerplate language utilized therein by no stretch of the imagination suffices as an affidavit "of the facts constituting the claim” (see, e.g., Freccia v Carullo, 93 AD2d 281 [2d Dept 1983]). Accordingly, pursuant to settled case law in the Third Department, the judgment is a nullity and must be vacated (Colonial Country Club v Village of Ellenville, 88 AD2d 1027 [3d Dept 1982], upon rearg 89 AD2d 935 [3d Dept 1982]; Georgia Pac. Corp. v Bailey, 77 AD2d 682 [3d Dept 1980]; Woodstock Lake Assn. v Pleasure Crest Corp., 65 AD2d 867 [3d Dept 1978]; see also, Kahn v Friedlander, 90 AD2d 868 [3d Dept 1982]).
Furthermore, although plaintiffs delay in filing proof of service is a mere procedural irregularity which may be corrected by an order nunc pro tune (see, Reporter Co. v Tomicki, 60 AD2d 947 [3d Dept 1978]), where plaintiff does not obtain an order permitting late filing, the defendant’s time to answer *835 never begins to run; therefore, the defendant cannot be found in default in appearing or answering (see, Bank of N. Y. v Schwab, 97 AD2d 450 [2d Dept 1983]).
In light of the three separate statutory deficiencies in the default judgment entered herein on January 12, 1983, to wit: insufficient affidavit of the facts constituting the claim, affidavit made by attorney and not by party, and failure to properly file proof of substituted service without leave of court to correct such irregularity, this court does not find defendant barred by the doctrine of loches upon his motion to vacate such default judgment entered with indifference to the applicable statutes.
However, since the defendant has been personally served with the summons with notice and since the County Court, County of Schoharie, does have "subject matter jurisdiction”, this court holds and determines that defendant is not entitled to have the claim dismissed, but rather must be afforded the opportunity to appear and answer on the merits (see, Freccia v Carullo, 93 AD2d 281, supra). In short, the mistake or irregularity committed by the clerk in entering a default judgment not going to jurisdiction, is not void, but merely erroneous (Freccia v Carullo, supra, at 290; see also, 49 CJS, Judgments, § 205). The County Court of Schoharie County does not lack jurisdiction of either the subject matter or of the parties.
Where defendant-judgment-debtor had actual knowledge of the default judgment ever since June 1983 and chose to take no action whatsoever except to ignore and willfully disobey the mandates of the County Court, the undersigned has very seriously considered plaintiff’s argument that defendant’s application should be barred by the doctrine of loches. However, unlike the underlying claim in Freccia v Carullo (supra), which appeared entirely straightforward and valid, plaintiff’s claim asserted in 1982 relative to a $2,000 well drilled in 1972 obviously includes substantial interest and may be subject to a Statute of Limitations defense. The judgment herein is so statutorily deficient and sufficiently open to question on the merits that defendant-judgment-debtor should not be barred by the doctrine of loches — particularly in light of the strong position repeatedly taken by the Appellate Division, Third Department. Even in the face of such precedent, however, this court does hold and determine based upon the doctrine of loches and the sound and persuasive reasoning by Judge Titone in Freccia v Carullo (supra) that the action should not be dismissed.
*836 Likewise, the undersigned has very seriously considered the prospect of holding defendant-judgment-debtor strictly accountable for his flagrant disregard of the installment payment and contempt orders; however, this court reluctantly concludes that defendant-judgment-debtor cannot logically be punished for his willful failure to obey an installment payment order based upon a voidable, if not void, judgment. The contrary is certainly arguable under the Freccia v Canillo analysis of jurisdiction.
Lastly, since defendant-judgment-debtor has known about the default judgment since June 1983, such judgment shall be permitted to stand as security to the plaintiff while the case is determined upon the merits. All contempt and enforcement proceedings are hereby stayed.
Defendant may file a notice of appearance and demand for a complaint, and the parties shall thereafter serve the complaint and answer in accordance with the provisions of the CPLR.