■ THOMAS COULTER et al., Respondents, v TOWN OF HIGHLANDS, Appellant. [809 NYS2d 466]—

In an action to recover damages for breach of a stipulation of settlement, the defendant appeals from an order of the Supreme Court, Orange County (Owen, J.), dated November 3, 2004, which denied its motion to vacate a judgment of the same court

entered May 13, 2004, after an inquest, upon its failure to appear or answer, which is in favor of the plaintiffs and against it in the principal sum of $210,000.

Ordered that the order is affirmed, with costs.

The defendant moved to vacate a default judgment entered against it after it failed to answer or appear. "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*MacMarty, Inc. v Scheller,* 201 AD2d 706, 707 [1994]). The defendant failed to offer any reasonable excuse for its default and thus the court properly denied that branch of its motion to vacate which was pursuant to CPLR 5015 (a) (1) (*see Booth v Hawk Contrs.,* 259 AD2d 577 [1999]; *see also Mjahdi v Maguire,* 21 AD3d 1067 [2005]; *Krieger v Cohan,* 18 AD3d 823 [2005]). Furthermore, contrary to the defendant's contention, the plaintiffs' failure to submit an affidavit of the facts or a verified complaint in accordance with CPLR 3215 (f) did not render the default judgment a "nullity," or otherwise divest the Supreme Court of jurisdiction to enter a judgment (*see Roberts v Jacob,* 278 AD2d 297 [2000]; *Bass v Wexler,* 277 AD2d 266 [2000]; *Freccia v Carullo,* 93 AD2d 281 [1983]). Accordingly, the defendant was not entitled to vacatur of the judgment pursuant to CPLR 5015 (a) (4).

The defendant's remaining contentions are either without merit or do not require reversal. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.