■ JUAN CARLOS ARAUJO, Respondent, v JUAN CARLOS PEREZ AVILES, Appellant. [824 NYS2d 317]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated September 23, 2005, which denied his motion to vacate a judgment dated December 17, 2004, entered upon his default in answering the complaint.

Ordered that the order is affirmed, with costs.

The defendant's sole contention on this appeal is that the plaintiff's noncompliance with the requirement of CPLR 3215 (f) rendered the ensuing default judgment a "nullity" and excused the defendant's default in answering the complaint. We disagree.

Even if the plaintiff failed to comply with CPLR 3215 (f), which requires a party seeking a default judgment to file, inter alia, "proof by affidavit made by the party of the facts constituting the claim, the default and the amount due," such noncompliance would not warrant excusing the defendant's default or permitting him to interpose a late answer.

Had the defendant opposed the plaintiff's motion for leave to enter a default judgment on this sole ground, and if the objection under CPLR 3215 (f) had merit, a point we need not decide, the motion would have properly been denied with leave to the plaintiff to renew on proper papers (*see Matone v Sycamore Realty Corp.*, 31 AD3d 721 [2006]; *Blam v Netcher*, 17 AD3d 495, 496 [2005]; *Hazim v Winter*, 234 AD2d 422 [1996]). This alleged defect would not render the default judgment a nullity nor, in the absence of a reasonable excuse and meritorious defense, entitle the defendant to vacatur of his default (*see Coulter v Town of Highlands*, 26 AD3d 456 [2006]; *Harkless v Reid*, 23 AD3d 622 [2005]). Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.