■ Samuel Neuman, Respondent, v Zurich North America et al., Defendants, and Norwest Bank Minnesota et al., Appellants. [828 NYS2d 169]—In an action to recover under an insurance policy, the defendants Norwest Bank Minnesota and Ocwen Federal Bank, FSB, now known as Ocwen Loan Servicing, LLC, appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated May 20, 2005, which denied their motion, in effect, pursuant to CPLR 5015 (a) (1) and (4) to vacate an order of the same court dated February 16, 2005, which granted, on default, the plaintiff's motion for leave to enter a judgment against the defendant Ocwen Federal Bank, FSB, upon its failure to appeal or answer.

Ordered that the appeal by the defendant Norwest Bank Minnesota is dismissed, as abandoned (see 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is affirmed, with costs.

The defendants Norwest Bank Minnesota and Ocwen Federal Bank, FSB, now known as Ocwen Loan Servicing, LLC, moved, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order of the Supreme Court, Kings County, dated February 16, 2005, which granted on default, the plaintiff's motion for leave to enter a judgment against the defendant Ocwen Federal Bank, FSB (hereinafter Ocwen). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor"

(*MacMarty, Inc. v Scheller*, 201 AD2d 706, 707 [1994]). Here, the movants failed to offer a reasonable excuse for Ocwen's default and thus the court properly denied the motion to vacate the order entered on Ocwen's default (*see Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]; *Bray v Luca*, 233 AD2d 284, 285 [1996]). Contrary to Ocwen's contention, the complaint set forth enough facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Furthermore, the plaintiff's failure to submit an affidavit of the facts or a verified complaint did not render the order a "nullity" under CPLR 3215 (f) or warrant excusing Ocwen's default in the absence of a reasonable excuse or a meritorious defense (*see Araujo v Aviles*, 33 AD3d 830 [2006]; *Coulter v Town of Highlands*, 26 AD3d 456, 457 [2006]; *Harkless v Reid*, 23 AD3d 622, 623 [2005]; *Roberts v Jacob*, 278 AD2d 297 [2000]; *Bass v Wexler*, 277 AD2d 266 [2000]). Nor was Ocwen entitled to vacatur of the order pursuant to CPLR 5015 (a) (4) (*see Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271-273 [1980]). Miller, J.P., Crane, Lifson and Dillon, JJ., concur.