■ MIDFIRST BANK, Respondent, v MUHAMMAD A. AL-RAHMAN et al., Appellants, et al., Defendants. [917 NYS2d 871]—

In an action to foreclose a mortgage, the defendants Muhammed A. Al-Rahman, Joyce Elliston, "John" Al-Rahman, and Catherine Al-Rahman appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated December 3, 2009, which denied their motion, inter alia, to vacate a judgment of foreclosure and sale of the same court entered April 23, 2009, upon their failure to answer the complaint or appear in the action.

Ordered that the order is affirmed, with costs.

A defendant who seeks to extend the time to appear or to compel acceptance of an untimely answer must provide a reasonable excuse for the default and show a potentially meritorious defense (*see Deutsche Bank Natl. Trust Co. v Rudman*, 80 AD3d 651 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889 [2010]). Here, the appellants failed to demonstrate a reasonable excuse for their default (*see Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1020 [2010]). Since the appellants failed to demonstrate a reasonable excuse, it is unnecessary to consider whether they demonstrated the existence of a potentially meritorious defense (*see Deutsche Bank Natl. Trust Co. v Rudman*, 80 AD3d 651 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 889). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (1) to vacate a judgment of foreclosure and sale.

The Supreme Court also properly denied that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale, as they "failed to establish that the plaintiff procured the judgment of foreclosure and sale by fraud, misrepresentation, or other misconduct" (*Tribeca Lending Corp. v Crawford*, 79 AD3d at 1020; *see Feldstein v Rounick*, 295 AD2d 398 [2002]).

Further, the plaintiff's alleged failure to comply with CPLR

3215 (f) did not render the judgment a nullity, or warrant excusing the appellants' default in the absence of a reasonable excuse or a potentially meritorious defense (*see Neuman v Zurich N. Am.*, 36 AD3d 601, 602 [2007]; *Araujo v Aviles*, 33 AD3d 830 [2006]; *Coulter v Town of Highlands*, 26 AD3d 456, 457 [2006]).

The appellants' remaining contentions are without merit or need not be reached in light of our determination. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.