■ MANHATTAN TELECOMMUNICATIONS CORPORATION, Respondent, v H & A LOCKSMITH, INC., et al., Defendants, and ARIQ VANUNU, Appellant. [920 NYS2d 74]—

The verified complaint alleged a contract to perform telephone services by plaintiff for defendants for a stated fee, and defendants' failure to pay. However, the complaint does not allege that appellant was a party to the contract individually, so as to bind him to its terms. "Some proof of liability is . . . required to satisfy the court as to the prima facie validity of . . . uncontested cause of action" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1994] [internal quotation marks and citation omitted]; *see Giordano v Berisha*, 45 AD3d 416 [2007]; CPLR 3215 [f]), and here plaintiff failed to provide the motion court with evidence that appellant was personally liable for the stated claims. Accordingly, the default judgment was a nullity (*see Natradeze v Rubin*, 33 AD3d 535 [2006]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENNEL MAYES, Appellant. [919 NYS2d 338]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.