■ GRACE ZAIDMAN, Respondent, v SABINA ZAIDMAN, Appellant, et al., Defendant. [935 NYS2d 147]—

An order granting a motion for leave to enter a default judgment is not a "nullity" merely because the movant has not complied with the requirements of CPLR 3215 (f) regarding proof of the facts of the claim (*see Citimortgage, Inc. v Phillips*, 82 AD3d 1032, 1033 [2011]; *Midfirst Bank v Al-Rahman*, 81 AD3d 797, 797-798 [2011]; *Neuman v Zurich N. Am.*, 36 AD3d 601, 602 [2007]; *Araujo v Aviles*, 33 AD3d 830 [2006]; *Bass v Wexler*, 277 AD2d 266, 267 [2000]; *Freccia v Carullo*, 93 AD2d 281, 288-289 [1983]; *cf. State of New York v Williams*, 44 AD3d 1149 [2007]; *Natradeze v Rubin*, 33 AD3d 535 [2006]; *Westcott v Niagara-Orient Agency*, 122 AD2d 557 [1986]). Rather, a party moving to vacate a default and extending the time to answer pursuant to CPLR 5015 (a) (1) must establish a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense (*see Bank of Am. v Faracco*, 89

AD3d 879 [2011]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221 [2011]; *Midfirst Bank v Al-Rahman*, 81 AD3d at 797-798; *Coulter v Town of Highlands*, 26 AD3d 456, 457 [2006]). Regardless of the merit of the defendant's contention that the plaintiff failed to comply with the factual proof requirement of CPLR 3215 (f), the defendant established neither a reasonable excuse for her default nor the existence of a potentially meritorious defense. Consequently, the Supreme Court's denial of her motion to vacate her default and extend her time to answer the complaint was not an improvident exercise of discretion (*see Lane v Smith*, 84 AD3d 746, 747-748 [2011]; *Citimortgage, Inc. v Brown*, 83 AD3d 644, 645 [2011]). Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.