■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v MICHAEL TATE, Appellant. [958 NYS2d 722]—

In an action to foreclose a mortgage, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Ecker, J.), dated March 22, 2011, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (3) and (4) to vacate a judgment of foreclosure and sale of the same court dated September 13, 2010, entered upon his default in appearing or answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (3) and (4) to vacate a judgment of foreclosure and sale that was entered upon his default in appearing or answering the complaint. The process server's affidavit of service constituted prima facie evidence of proper service of the summons and complaint pursuant to CPLR 308 (2) and of proper service of the notice required by Real Property Actions and Proceedings Law § 1303, and the defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*see Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 103

[2011]; *Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989, 989 [2010]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]). Further, the record contains no evidence of fraud or misrepresentation, and an alleged lack of standing is not a jurisdictional defect (*see Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810 [2012]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). Finally, the plaintiff's alleged failure to comply with CPLR 3215 (f) does not render the judgment a nullity (*see Zaidman v Zaidman*, 90 AD3d 1035, 1036 [2011]; *Citimortgage, Inc. v Phillips*, 82 AD3d 1032, 1033 [2011]; *Araujo v Aviles*, 33 AD3d 830 [2006]). Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.