[991 NE2d 198, 969 NYS2d 424]

MANHATTAN TELECOMMUNICATIONS CORPORATION, Appellant, v
H & A LOCKSMITH, INC., et al., Defendants, and ARIQ VA-
NUNU, Respondent.

Argued May 2, 2013; decided May 30, 2013

## POINTS OF COUNSEL

*Jonathan D. Bachrach*, New York City, for appellant. I. The complaint was not defective. (*Natradeze v Rubin*, 33 AD3d 535; *DeLeon v Sonin & Genis*, 303 AD2d 291; *Giordano v Berisha*, 45 AD3d 416; *Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827.) II. New York State requires a showing of excusable neglect in order to vacate a default judgment. (*Dimitriadis v Visiting Nurse Serv. of N.Y.*, 84 AD3d 1150; *Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656; *Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d 695; *Farrah v Pinos*, 78 AD3d 1115; *Francis v Long Is. Coll. Hosp.*, 45 AD3d 529; *Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827.) III. The Appellate Division, First Department, improperly vacated plaintiff's judgment against defendant on grounds that defendant had never raised in the trial court or in its briefs on appeal. (*Feffer v Malpeso*, 210 AD2d 60; *Perez v Lenox Hill Hosp.*, 159 AD2d 251; *Natradeze v Rubin*, 33 AD3d 535; *DeLeon v Sonin & Genis*, 303 AD2d 291.)

*Ofeck & Heinze, LLP*, New York City (*Mark F. Heinze* of counsel), for respondent. I. When there is noncompliance with CPLR 3215 (f), a default judgment is a nullity or, at a minimum, subject to vacatur in the court's traditional discretion. (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62; *Misicki v Caradonna*, 12 NY3d 511; *Giordano v Berisha*, 45 AD3d 416; *Natradeze v Rubin*, 33 AD3d 535; *Zaidman v Zaidman*, 90 AD3d 1035; *Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86; *Ladd v Stevenson*, 112 NY 325; *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557.) II. Plaintiff's motion for a default judgment was premature, and Judicial Hearing Officer Gammerman lacked judicial authority to enter any order, and so the judgment was fatally defective. (*Dobkin v Chapman*, 21 NY2d 490; *Matter of Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1; *Dunn v Burns*, 42 AD3d 884; *Quality*

*Food Oils v Caruso Prods. Distrib. Corp.*, 127 Misc 2d 1097; *Red Creek Natl. Bank v Blue Star Ranch*, 58 AD2d 983; *Firemen's Fund Ins. Co. v Dietz*, 110 AD2d 1083; *R. L. C. Invs. v Zabski*, 109 AD2d 1053; *Nash v Duroseau*, 39 AD3d 719; *Marazita v Nelbach*, 91 AD2d 604; *Morris v Smithline*, 145 Misc 2d 772.) III. Plaintiff's proof of its cause of action was insufficient as a matter of law, and defendant Ariq Vanunu has a meritorious defense. (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1; *Salzman Sign Co. v Beck*, 10 NY2d 63; *Bartsch v Bartsch*, 54 AD2d 940; *Giordano v Berisha*, 45 AD3d 416; *Ritzer v 6 E. 43rd St. Corp.*, 47 AD3d 464; *Feffer v Malpeso*, 210 AD2d 60; *IMG Intl. Mktg. Group, Inc. v SDS William St., LLC*, 32 Misc 3d 1233[A], 2011 NY Slip Op 51561[U]; *Rodkinson v Haecker*, 248 NY 480; *Speciner v Parr*, 252 AD2d 554; *Landa v Dratch*, 45 AD3d 646.) IV. Defendant Ariq Vanunu excusably defaulted and has a meritorious defense. (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62.)

### OPINION OF THE COURT

Sмітн, J.

CPLR 3215 (f) requires an applicant for a default judgment to file "proof of the facts constituting the claim." In *Woodson v Mendon Leasing Corp.* (100 NY2d 62, 71 [2003]), we left open the question of whether non-compliance with this requirement is a jurisdictional defect that "renders a default judgment a 'nullity.'" We now hold that the defect is not jurisdictional.

Plaintiff sued a number of corporations and an individual, Ariq Vanunu, alleging that plaintiff had provided telephone service to defendants pursuant to a written agreement, and had not been paid. The complaint alleged that Vanunu was "a principal officer in all the corporate defendant entities"; it did not attach the agreement or allege that Vanunu had signed it in his individual capacity. All defendants defaulted, and a default judgment was entered on November 28, 2008.

On November 5, 2009, Vanunu moved to vacate the judgment, asserting that his default was excusable and that he had meritorious defenses to the action. Supreme Court denied the motion, finding that Vanunu's delay in defending himself was not excusable. The Appellate Division reversed without reaching the issue of excusable default, holding that because "plaintiff failed to provide . . . evidence that [Vanunu] was personally liable for the stated claims . . . the default judgment was a nullity" (*Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 82

AD3d 674, 674 [1st Dept 2011]). The Appellate Division granted leave to appeal, certifying the question of whether its order was properly made. We answer the question in the negative, and reverse.

We assume for present purposes that the Appellate Division was correct in holding that plaintiff's complaint, though verified, failed to supply "proof of the facts constituting the claim" against Vanunu, as CPLR 3215 (f) requires. Thus the default judgment was defective, but not every defect in a default judgment requires or permits a court to set it aside. CPLR 5015 (a) (1) authorizes the court that rendered a judgment to relieve a party from it "upon the ground of . . . excusable default"—a ground that Supreme Court found to be absent here. The question raised by this appeal is whether the defect is jurisdictional—i.e., whether it was so fundamental that it deprived the court of power to enter the judgment, rendering the judgment a nullity whether Vanunu's default was excusable or not. This question has divided the Appellate Division departments (*see Natradeze v Rubin*, 33 AD3d 535 [1st Dept 2006] [holding defect jurisdictional]; *State of New York v Williams*, 44 AD3d 1149, 1151-1152 [3d Dept 2007] [same]; *Westcott v Niagara-Orient Agency*, 122 AD2d 557, 558 [4th Dept 1986] [same]; *but see Zaidman v Zaidman*, 90 AD3d 1035, 1036-1037 [2d Dept 2011] [holding defect non-jurisdictional]; *Araujo v Aviles*, 33 AD3d 830 [2d Dept 2006] [same]; *Freccia v Carullo*, 93 AD2d 281, 286-289 [2d Dept 1983] [same]).

As we explained in *Lacks v Lacks* (41 NY2d 71, 74-75 [1976, Breitel, Ch. J.]), the word "jurisdiction" is often loosely used. But in applying the principle "that a judgment rendered without subject matter jurisdiction is void, and that the defect may be raised at any time and may not be waived" (*id.* at 75), it is necessary to understand the word in its strict, narrow sense. So understood, it refers to objections that are "fundamental to the power of adjudication of a court" (*id.* at 74). "Lack of jurisdiction" should not be used to mean merely "that elements of a cause of action are absent" (*id.*), but that the matter before the court was not the kind of matter on which the court had power to rule.

The defect in the default judgment before us is not jurisdictional in this sense. A failure to submit the proof required by CPLR 3215 (f) should lead a court to deny an application for a default judgment, but a court that does not comply with this rule has merely committed an error—it has not usurped a power

it does not have. The error can be corrected by the means provided by law—i.e., by an application for relief from the judgment pursuant to CPLR 5015. It does not justify treating the judgment as a nullity. As the Appellate Division said in *Freccia*: "the court had subject matter jurisdiction over the case which included the concomitant power to enter a default judgment in favor of plaintiff" (93 AD2d at 288-289).

The result we reach today follows from our decision in *Wilson v Galicia Contr. & Restoration Corp.* (10 NY3d 827, 829 [2008]), where we refused to set aside a default judgment despite the defaulting party's contention "that CPLR 3215 (f) renders the judgment a nullity." We relied in *Wilson* on the party's failure to preserve its argument (*id.* at 829-830). But if the defect were truly jurisdictional—if the court that entered it was powerless to do so—a lack of preservation would not matter. *Wilson* thus implies that a defect of this kind is non-jurisdictional, as we now hold.

Accordingly, the order of the Appellate Division should be reversed, with costs, the case remitted to the Appellate Division for consideration of issues raised but not reached on the appeal to that court, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order reversed, with costs, case remitted to the Appellate Division, First Department, for consideration of issues raised but not determined on the appeal to that court, and certified question answered in the negative.