Upon remittitur from the Court of Appeals (21 NY3d 200 [2013]) for consideration of the issues raised but not determined on appeal to this Court, order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered December 28, 2009, which denied defendant Ariq Vanunu’s motion to vacate the default judgment entered against him, unanimously affirmed, without costs.
In our decision entered March 31, 2011, we noted that the verified complaint alleged a contract for plaintiff to perform telephone services for defendants for a stated fee, and defendants’ failure to pay (82 AD3d 674). We further noted that the complaint did not allege that appellant was a party to the contract individually, so as to bind him to its terms. Thus, we held that because of plaintiff’s failure to comply with CPLR 3215 (f) and to “provide the motion court with evidence that appellant was personally liable,” the default judgment entered against him on November 28, 2008 “was a nullity” (82 AD3d at 674). In so holding, we did not determine whether the motion court properly denied appellant’s motion to vacate the default judgment under CPLR 5015 (f) based on his failure to proffer a reasonable excuse for his default. Nor did the motion court, in finding the absence of a reasonable excuse, reach the issue of whether appellant had a meritorious defense to plaintiff’s claims.
In its May 30, 2013 decision, the Court of Appeals addressed the issue that has divided the departments of the Appellate *700 Division — namely, whether “non-compliance with [CPLR 3215 (f)’s proof requirement] is a jurisdictional defect that ‘renders a default judgment a nullity’ ” (21 NY3d at 202 [some internal quotation marks omitted]). The Court held that this noncompliance defect is not jurisdictional (id. at 203). It reasoned that, while “[a] failure to submit the proof required by CPLR 3215 (f) should lead a court to deny an application for a default judgment” and the default judgment here was defective on that basis, “not every defect in a default judgment requires or permits a court to set it aside” (id.). The Court further reasoned that the noncompliance defect is not jurisdictional because “ ‘the [motion] court had subject matter jurisdiction over the case which included the concomitant power to enter a default judgment in favor of plaintiff ” (21 NY3d at 204, quoting Freccia v Carullo, 93 AD2d 281, 288-289 [2d Dept 1983]).
In light of the Court of Appeals’ reasoning in remittal of this case, and upon consideration of the issues we did not previously determine, we affirm the motion court’s denial of appellant’s motion to vacate the default judgment entered against him.
First, as we noted in our previous decision, plaintiff did not comply with CPLR 3215 (f)’s proof requirement because the complaint failed to allege that appellant was personally liable for the stated claims. This failure rendered the default judgment defective. However, because the defect “went, at most, only to a procedural element of plaintiffs right to enter a default judgment” (Freccia, 93 AD2d at 289), we decline to grant appellant’s motion to vacate the default on that basis. Indeed, as the Second Department articulated in Freccia, “[t]o grant defendant vacatur in this instance based solely and belatedly upon an absence of an element and not a jurisdictional defect with respect to plaintiffs claim would undo a judgment of approximately three years’ standing and ‘undermine significantly the doctrine of res judicata, and . . . eliminate the certainty and finality in the law and in litigation which the doctrine is designed to protect’ ” (Freccia, 93 AD2d at 289, quoting Lacks v Lacks, 41 NY2d 71, 77 [1976]).
Moreover, we find unavailing appellant’s contention that the default judgment was a nullity based on plaintiffs premature filing of its motion for a default judgment on April 29, 2008, before appellant’s time to answer had expired on April 30, 2008. Indeed, the record demonstrates that plaintiff again served its motion on May 15, 2008, a full two weeks after appellant’s time to answer had expired; when the default judgment was entered almost six months later, on November 28, 2008, appellant still had not appeared (CPLR 3215 [a] [the plaintiff may seek a *701 default judgment when a defendant has failed to appear or plead]).
Second, we find that the motion court correctly denied appellant’s motion to vacate the default judgment based on his failure to demonstrate a reasonable excuse for his default. As the court noted, appellant “waited a period of almost 18 months” between the court’s granting of the default judgment in June 2008 and his motion to vacate, which was initially returnable in November 2009. In support of his motion, appellant claimed that he had high blood pressure requiring hospitalizations or visits to the hospital and that he needed to focus on certain business matters. However, the medical records he provided reflect emergency room visits in April and August 2008, and a visit to a psychiatrist on October 27, 2009. Moreover, appellant’s evidence did not establish that he was incapacitated for over a year and unable to obtain counsel. Thus, his explanation that he failed to focus on the action because he was attending to business matters and had suffered stress is insufficient to explain his long delay.
Finally, even though appellant has presented a potentially meritorious defense to plaintiffs claims by contending that he was an agent for a disclosed principal and not personally liable for breach of the contract, and that the agreement properly terminated according to its terms, we must affirm the denial of his motion based on his failure to demonstrate a reasonable excuse (CPLR 5015 [a] [1]; Benson Park Assoc., LLC v Herman, 73 AD3d 464, 465 [1st Dept 2010] [“A party seeking to vacate a judgment on the basis of excusable default must demonstrate both a reasonable excuse and a meritorious defense”]). Concur— Gonzalez, P.J., Friedman, Moskowitz and Freedman, JJ.
Motion for an order requiring appellant to pay costs and post an appeal bond denied.