■ ANTONIO GARCIA, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [14 NYS3d 116]—In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals (1) from an order of the Supreme Court, Nassau County (J. Murphy, J.), entered September 27, 2013, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint, and (2), as limited by its brief, from so much of an order of the same court entered December 24, 2013, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered September 27, 2013, is dismissed, as that order was superseded by the order entered December 24, 2013, made, in effect, upon reargument; and it is further,

Ordered that the order entered December 24, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly, in effect, upon reargument, adhered to its original determination denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction. Subject matter jurisdiction "refers to objections that are 'fundamental to the power of adjudication of a court.' 'Lack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent,' but that the matter before the court was not the kind of matter on which the court had power to rule" (*Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200, 203 [2013] [citations omitted], quoting *Lacks v Lacks*, 41 NY2d 71, 74 [1976]). The Supreme Court has subject matter jurisdiction to consider this action, brought by the plaintiff pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured. Whether the subject umbrella liability insurance policy was in effect at the time of the underlying accident "is a substantive element of the cause of action and not a jurisdictional element" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]).

Moreover, the Supreme Court properly, in effect, upon reargument, adhered to its original determination denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. The plaintiff timely commenced this action (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 354-355 [2004]; *Roldan v Allstate Ins. Co.*, 149 AD2d 20, 36 [1989]). Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.