Dr. George F. Josephson, as Assignee of Dale Cotterell, Appellant, 
against
State Farms Insurance Company, Respondent.




Glinkenhouse, Floumanhaft & Queen by Glinkenhouse Queen (Alan Queen of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered October 4, 2016. The order granted defendant's motion to vacate a judgment of that court entered February 9, 2016, upon defendant's failure to appear at a calendar call of the case on June 30, 2008, and to dismiss the complaint.




ORDERED that the order is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted a motion by defendant State Farm Insurance Company (sued herein as State Farms Insurance Company) to vacate a default judgment that had been entered on February 9, 2016, upon defendant's failure to appear at a calendar call of the case on June 30, 2008, and to dismiss the complaint pursuant to CPLR 3215 (c) for failure to enter the default judgment within one year. Plaintiff did not rebut defendant's motion papers by demonstrating that it had taken proceedings for the entry of a judgment within one year of defendant's calendar default on June 30, 2008 (see CPLR 3215 [a]). As CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed," the Civil Court did not abuse its discretion in [*2]granting defendant's motion to vacate the default judgment and dismiss the complaint (see Duperval v Hoyle,272 AD2d 369 [2000]; see also Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; cf. Manhattan Telecom. Corp. v H & A Locksmith, Inc.,21 NY3d 200, 203-204 [2013] [reversing the vacatur of a default judgment on the ground that the plaintiff had not complied with CPLR 3215 (f) and stating that the court that entered the judgment had "not usurped a power it does not have"]).
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018