■ SAMANTHA EPPS, by Her Mother and Natural Guardian, IRMA R. EPPS, et al., Appellants, v LASALLE BUS, INC., Also Known as LASALLE BUS SERVICE, Respondent, et al., Defendant. [705 NYS2d 388] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated March 25, 1999, which granted the motion of the defendant LaSalle Bus, Inc., to vacate a prior order of the same court dated January 21, 1999, granting the plaintiffs' motion for leave to enter judgment against that defendant, upon its failure to answer the complaint or appear in the action.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion of the defendant LaSalle Bus, Inc., is denied, and the order dated January 21, 1999, is reinstated.

A decision to vacate a prior order or judgment rests in the sound discretion of the court and will be upheld in the absence of an improvident exercise of that discretion (*see, Matter of Ping Lee v City of New York,* 233 AD2d 510). A party attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Putney v Pearlman,* 203 AD2d 333).

The contention of the defendant LaSalle Bus, Inc. (hereinafter LaSalle), that it became aware that no answer had been served only after the court granted the plaintiffs' motion for leave to enter a judgment upon its default, is belied by the record. The plaintiffs served a motion in June 1998, on notice to LaSalle, for leave to enter judgment upon its default. This motion was withdrawn, and the plaintiffs moved in December, again on notice, for leave to enter a judgment upon LaSalle's default. LaSalle did not respond to the subsequent motion, and offered no explanation for its inaction from June 1998 until it moved for the instant relief in February 1999.

A court's discretion to relieve a party from a judgment should not be exercised where that party has been dilatory in asserting its rights (*see, Spodek v Feibusch,* 259 AD2d 693). Moreover, LaSalle failed to demonstrate that it had a meritorious

defense. Accordingly, the court improvidently exercised its discretion in granting LaSalle's motion. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.