■ Ronald M. Terlizzese, Appellant, v Robinson's Custom Service, Inc., et al., Respondents. [806 NYS2d 418]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated February 15, 2005, which denied his motion, in effect, to vacate a judgment of the same court entered May 13, 2002, which, upon an order of the same court dated March 24, 2002, granting the defendants' unopposed motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, dismissed the complaint.

Ordered that the order is affirmed, with costs.

The defendants submitted an affidavit of service attesting that a copy of the default judgment entered May 13, 2002, with written notice of its entry, was mailed to the plaintiff, who was pro se at that time, at his residence on July 19, 2002, thus raising a presumption of proper mailing, and of receipt (*see Engel v Lichterman*, 62 NY2d 943, 944-945 [1984], *affg* 95 AD2d 536, 538 [1983]). The plaintiff's mere denial of receipt of the default judgment did not overcome the presumption of proper mailing, and failed to raise an issue of fact requiring a hearing (*see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Engel v Lichterman, supra* at 944-945; *Kendall v Kelly*, 283 AD2d 401 [2001]; *Wieck v Halpern*, 255 AD2d 438 [1998]; *Facey v Heyward*, 244 AD2d 452, 453 [1997]). Accordingly, the plaintiff's motion to vacate the default judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1), which was made over two years after service of the judgment, was properly denied since it was untimely (*see* CPLR 5015 [a] [1]; *Hartcorn v Hartcorn*, 299 AD2d 395 [2002]; *Kachar v Berlin*, 296 AD2d 479 [2002]; *Nahmani v Town of Ramapo*, 262 AD2d 291 [1999]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.