■ MEI YUN LI, Respondent, v QING HE XU, Appellant. [832 NYS2d 290]—

In an action for partition of certain real property, the defendant appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated April 3, 2006, which denied his motion, inter alia, in effect, to vacate an auction sale of the subject property.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion, inter alia, in effect, to vacate an auction sale of the subject property. The plaintiff submitted an affidavit of mailing which raised a presumption that the notice of sale was properly mailed and received by the defendant (*see Terlizzese v Robinson's Custom Serv., Inc.,* 25 AD3d 547, 548 [2006]; *Matter of Rodriguez v Wing,* 251 AD2d 335, 336 [1998]). The defendant's mere denial of receipt of the notice of sale was insufficient to rebut the presumption of proper mailing and receipt (*see Terlizzese v Robinson's Custom Serv., Inc., supra* at 548; *Matter of Rodriguez v Wing, supra* at 336; *cf. Matter of Holland v New York City,* 271 AD2d 609, 610 [2000]). Further, the price at the auction sale, 58% of the value of the property as alleged by the defendant, was not so low as to shock the conscience of the court (*see NYCTL 1999-1 Trust v NY Pride Holdings, Inc.,* 34 AD3d 774 [2006]; *Dime Sav. Bank of N.Y. v Zapala,* 255 AD2d 547, 548 [1998]; *Provident Sav. Bank v Bordes,* 244 AD2d 470 [1997]; *Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C.,* 183 AD2d 877 [1992]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 407 [1983]).

The defendant's remaining contention is raised for the first time on appeal, and thus, it is not properly before this Court (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568, 571 [2004]). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.