(March 9, 2010)

■ BASHER ABDUL, Appellant-Respondent, v LARRY HIRSCHFIELD et al., Defendants, and MIRANDA CHU, Respondent-Appellant. (And a Third-Party Action.) [898 NYS2d 44]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schack, J.), dated October 6, 2008, as granted that branch of the motion of the defendant Miranda Chu which was pursuant to CPLR 5015 to vacate an order of the same court dated July 6, 2007, granting his motion for leave to enter a default judgment against that defendant upon her failure to answer the complaint, and the defendant Miranda Chu cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the first decretal paragraph thereof granting that branch of the motion of the defendant Miranda Chu which was to vacate the order dated July 6, 2007, granting the plaintiff's motion for leave to enter a default judg-

ment against her upon her failure to answer the complaint, and substituting therefor a provision denying that branch of the motion, and (2) by adding to the second decretal paragraph thereof the phrase "as academic" immediately following the words "is denied"; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff.

The plaintiff commenced this action against, among others, the defendant Miranda Chu. The summons and complaint were served upon Chu pursuant to CPLR 308 (4) in August 2006 and then again in October 2006. In March 2007 the plaintiff moved for leave to enter a default judgment against Chu based upon Chu's failure to serve an answer. Chu did not submit any opposition papers, but she appeared in court on May 11, 2007, the original return date of the motion, at which time the Supreme Court agreed to adjourn the motion so that she could secure counsel. However, when Chu failed to appear on the July 2007 adjourned return date, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment.

One year later, Chu moved to vacate the default and to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7). The Supreme Court granted that branch of Chu's motion which was to vacate the default, and denied that branch of her motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7).

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious defense (see *Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d 745 [2009]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494, 495 [2000]). In her supporting affidavit, Chu offered no cognizable excuse for her failure to answer the complaint, and her excuse for her failure to oppose the motion for a default judgment was simply that she forgot to appear on the adjourned return date. Since Chu failed to offer a reasonable excuse for her failure to answer the complaint, for her default on the motion, and for her one-year delay in moving to vacate the order, the Supreme Court improvidently exercised its discretion in granting her motion to vacate the order granting the plaintiff's motion for leave to enter a default judgment (see *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143 [2007]; *Ennis v Lema*, 305 AD2d 632 [2003]; *Neuman v Greenblatt*, 260 AD2d 616 [1999]; *Stoltz v Playquest Theater Co.*, 257 AD2d 758 [1999]; *Sobel v Village of Scarsdale*, 255 AD2d 500 [1998]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether Chu sufficiently demonstrated the existence of a

meritorious defense (*see Segovia v Delcon Constr. Corp.*, 43 AD3d at 1144; *American Shoring, Inc. v D.C.A. Constr., Ltd.*, 15 AD3d 431 [2005]).

In light of the foregoing, that branch of Chu's motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7) must be denied as academic, and we need not address the parties' remaining contentions. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur. **[Prior Case History: 21 Misc 3d 764.]**