(January 18, 2011)

■ Irene Alterbaum, Appellant, v Shubert Organization, Inc., et al., Respondents. [914 NYS2d 681]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 16, 2010, which granted the defendants' motion to vacate an order of the same court dated March 4, 2010, granting her unopposed motion for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint, and to compel her to accept their answer, nunc pro tunc.

Ordered that the order dated August 16, 2010, is reversed, on the facts and in the exercise of discretion, with costs, and the

defendants' motion to vacate the order dated March 4, 2010, and to compel the plaintiff to accept their answer, nunc pro tunc, is denied.

To vacate an order entered upon their default in opposing the plaintiff's motion for leave to enter a default judgment, the defendants were required to demonstrate, inter alia, a reasonable excuse for their default in appearing or answering the complaint and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; *Abdul v Hirschfield,* 71 AD3d 707 [2010]; *Bekker v Fleischman,* 35 AD3d 334 [2006]; *Epps v LaSalle Bus,* 271 AD2d 400 [2000]). The defendants failed to proffer any explanation for their failure to oppose either of the plaintiff's two motions for leave to enter judgment upon their default, one in October 2009, and the second in December 2009, both of which were served upon them (see *Epps v LaSalle Bus,* 271 AD2d 400 [2000]). The defendants' claim, which was improperly presented for the first time in a reply affidavit, that their executive assistant did not recall receiving the two motions, did not overcome the presumption of proper mailing created by the affidavits of service (see *Kihl v Pfeffer,* 94 NY2d 118, 122 [1999]; *Engel v Lichterman,* 62 NY2d 943 [1984]; *Mei Yun Li v Qing He Xu,* 38 AD3d 731 [2007]; *Terlizzese v Robinson's Custom Serv., Inc.,* 25 AD3d 547, 548 [2006]). Furthermore, the defendants did not offer a reasonable explanation for their inaction between December 2009 and May 2010 when they moved to vacate the order dated March 4, 2010. Under the circumstances, the defendants' pattern of willful neglect and default should not have been excused (see *Bekker v Fleischman,* 35 AD3d 334 [2006]; *Edwards v Feliz,* 28 AD3d 512, 513 [2006]; *Gainey v Anorzej,* 25 AD3d 650, 651 [2006]; *Roussodimou v Zafiriadis,* 238 AD2d 568, 568 [1997]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a potentially meritorious defense (see *Abdul v Hirschfield,* 71 AD3d at 709; *Segovia v Delcon Constr. Corp.,* 43 AD3d 1143, 1144 [2007]; *American Shoring, Inc. v D.C.A. Constr., Ltd.,* 15 AD3d 431 [2005]).

Contrary to the defendants' contention, the plaintiff's affidavit set forth enough facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action (see *Woodson v Mendon Leasing Corp.,* 100 NY2d 62, 71 [2003]; *Neuman v Zurich N. Am.,* 36 AD3d 601, 602 [2007]).

Accordingly, the defendants' motion to vacate the order dated March 4, 2010, and to compel the plaintiff to accept their answer, nunc pro tunc, should have been denied. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.