ERNEST JACKSON et al., Appellants, v PROFESSIONAL TRANSPORTATION CORP., Respondent, et al., Defendant. [916 NYS2d 159]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kurtz, J.), dated June 4, 2010, which granted the motion of the defendant Professional Transportation Corp., inter alia, to vacate an order of the same court (R. Miller, J.), dated October 27, 2008, granting their motion for a default judgment and directing an inquest on damages, and to vacate a judgment of the same court (Marano, J.H.O.), entered December 10, 2009, which, after an inquest on the issue of damages at which the defendant Professional Transportation Corp. did not appear, was in favor of the plaintiff Ernest Jackson and against that defendant in the principal sum of $744,482.34.

Ordered that the appeal by the plaintiff Yvonne Jackson is dismissed, as she is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order dated June 4, 2010, is reversed on the appeal by the plaintiff Ernest Jackson, on the law, with costs, the motion of the defendant Professional Transportation Corp. to vacate the order dated October 27, 2008, and the judgment entered December 10, 2009, is denied.

The plaintiff correctly contends that the Supreme Court erred in granting the motion of the defendant Professional Transpor-

tation Corp. (hereinafter the defendant), inter alia, to vacate an order dated October 27, 2008, and the judgment entered December 10, 2009, upon the defendant's default. CPLR 317 allows a court to vacate a default where service has been made upon a defendant by means other than personal delivery and where the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317). Here, by its own admission, the defendant received the summons and complaint well before the motion for a default judgment was made and in ample time to seek leave to serve a late answer. Accordingly, the defendant failed to establish that it did not receive the summons in time to defend within the meaning of the statute (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]; *SFR Funding, Inc. v Studio Fifty Corp.*, 36 AD3d 604, 605 [2007]; *Majestic Clothing Inc. v East Coast Stor., LLC*, 18 AD3d 516, 517-518 [2005]; *Fleetwood Park Corp. v Jerrick Waterproofing Co.*, 203 AD2d 238, 239 [1994]; *Essex Credit Corp. v Tarantini Assoc.*, 179 AD2d 973, 974 [1992]).

Additionally, the defendant failed to demonstrate a reasonable excuse under CPLR 5015 (a) (1) for its pattern of willful default and neglect (*see Campbell-Jarvis v Alves*, 68 AD3d 701, 702 [2009]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Merwitz v Dental Care Servs.*, 155 AD2d 748, 750 [1989]), and its unsubstantiated claims that the default was occasioned by the conduct of its insurance broker or its liability carrier are unavailing (*see Gartner v Unified Windows, Siding & Doors, Inc.*, 71 AD3d at 632; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]; *Majestic Clothing Inc. v East Coast Stor., LLC*, 18 AD3d at 518). Although the question of whether the defendant asserted a potentially meritorious defense need not be reached in view of the foregoing (*see Burnett v Renne*, 32 AD3d 449, 450 [2006]), we note, in any event, that the defendant's submissions failed to proffer a potentially meritorious defense.

The defendant similarly failed to establish that the default judgment was procured through fraud or misrepresentation within the meaning of CPLR 5015 (a) (3) (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 69-70 [2003]). Likewise, the verified complaint satisfied the plaintiff's obligation to file proof of the facts constituting the claim with the court pursuant to CPLR 3215 (f), and even if the verified complaint did not satisfy the requirements of CPLR 3215 (f), the default judgment would not have been rendered a nullity (*see Araujo v Aviles*, 33 AD3d 830 [2006]; *Coulter v Town of Highlands*, 26 AD3d 456, 457 [2006]). Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.