■ BANK OF AMERICA, as Successor by Merger to LaSALLE BANK, as Trustee under the Pooling and Servicing Agreement Dated December 1, 2006, GSAMP TRUST, Respondent, v JOHN FARACCO et al., Defendants, and WILLIAM WEINBERG, Appellant.
[932 NYS2d 706]—

In order to prevail on his motion to vacate the judgment of foreclosure and sale entered, in part, upon his default, the defendant William Weinberg was required to demonstrate both a reasonable excuse for his default in appearing or answering the complaint and the existence of a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Cohen v Romanoff*, 83 AD3d 989 [2011]). Weinberg proffered an excuse for his failure to oppose the motion for the execution of a judgment of foreclosure and sale, but not for his failure to appear or answer the complaint in the first instance (*see Lane v Smith*, 84 AD3d 746, 748 [2011]; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732, 733 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Abdul v Hirschfield*, 71 AD3d 707, 709 [2010]; *Trotman v Aya Cab Corp.*, 300 AD2d 573 [2002]). Accordingly, the Supreme Court did not improvidently

exercise its discretion in denying that branch of Weinberg's motion which was pursuant to CPLR 5015 (a) (1) to vacate the judgment of foreclosure and sale. Moreover, in view of Weinberg's lack of a reasonable excuse for failing to appear or answer the complaint, it is unnecessary for us to consider whether Weinberg sufficiently demonstrated the existence of a potentially meritorious defense (*see Abdul v Hirschfield*, 71 AD3d at 709; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]).

Weinberg's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31439(U).]**