■ TRIBECA LENDING CORPORATION, Appellant, v ROSEMARY CORREA, Respondent, et al., Defendants. [938 NYS2d 599]—

In order to prevail on that branch of her motion which was, in effect, to vacate the judgment of foreclosure and sale entered upon her default in appearing or answering the complaint, the defendant Rosemary Correa was required to demonstrate both a reasonable excuse for her default and the existence of a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *see Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC*, 89 AD3d 922, 923-924 [2011]; *Cohen v Romanoff*, 83 AD3d 989 [2011]). Correa failed to proffer any explanation for her default (*see Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732 [2011]; *Alterbaum v Shubert Org., Inc.*, 80 AD3d 635 [2011]; *Abdul v Hirschfield*, 71 AD3d 707 [2010]), and the Supreme Court improvidently exercised its discretion in finding that her explanation for delaying in making the motion was sufficient to constitute a reasonable excuse for her default in appearing or answering the complaint in the first instance (*see Bank of Am. v Faracco*, 89 AD3d 879, 879-880 [2011]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether Correa sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d at 733; *Abdul v Hirschfield*, 71 AD3d 707 [2010]).

Accordingly, those branches of Correa's motion which were to vacate the judgment of foreclosure and sale, to estop the referee from transferring title of the subject real property, and for leave to file and serve an answer with counterclaims should have been denied. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.