■ MINDY J. TREPEL, Appellant, v GREENMAN-PEDERSEN, INC., et al., Defendants, and PROMO-PRO, LTD., Respondent. [952 NYS2d 227]—

In April 1999, the plaintiff commenced this action against several defendants, including Promo-Pro, Ltd. (hereinafter Promo-Pro), and served Promo-Pro by delivery of the summons and complaint to the Secretary of State as its agent for service, pursuant to Business Corporation Law § 306. Promo-Pro forwarded the summons and complaint to its insurer, Credit General Insurance Company (hereinafter Credit General). Promo-Pro, on its own or by its insurer, failed to answer the complaint. More than 10 months later, in February 2000, the plaintiff served Promo-Pro with a motion for leave to enter a default judgment against it. Promo-Pro forwarded the motion papers to Credit General but took no further action to determine if Credit General would provide counsel to oppose the motion. Promo-Pro did not appear or interpose opposition, and on May 8, 2000, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment, permitting the plaintiff to proceed to inquest. Prior to the inquest, in November 2001, Promo-Pro received notice that, in January 2001, a court in Ohio had declared Credit General insolvent. Promo-Pro did not appear at the inquest, and on April 1, 2008, the Supreme Court entered judgment against it. An affidavit of mail service established that, on April 1, 2008, the plaintiff served the judgment on Promo-Pro.

In March 2010, after the plaintiff garnished Promo-Pro's bank account, Promo-Pro moved, in effect, pursuant to CPLR 5015 (a) (1) to vacate the judgment on the ground of excusable default. In support of the motion, Promo-Pro asserted that it had believed Credit General was defending the action because Promo-Pro had sent to Credit General the complaint and the motion for leave to enter a default judgment. Promo-Pro assumed that the action had been resolved when it heard nothing

further about it for 10 years until January 2010, when the bank sent notice of the restraint on Promo-Pro's account. The Supreme Court granted Promo-Pro's motion, determining, inter alia, that Promo-Pro demonstrated a reasonable excuse for not appearing on the motion which resulted in the order dated May 8, 2000. We reverse.

Promo-Pro failed to establish its entitlement to relief from the judgment pursuant to CPLR 5015 (a) (1). In support of its motion pursuant to CPLR 5015 (a) (1), Promo-Pro was required to demonstrate a reasonable excuse for its default in appearing or answering the complaint and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Alterbaum v Shubert Org., Inc.*, 80 AD3d 635, 636 [2011]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671 [2006]). "While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, a general excuse that the default was caused by delays occasioned by the defendants' insurance carrier is insufficient" (*Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d at 672 [citation omitted]; *see Jackson v Professional Transp. Corp.*, 81 AD3d 602, 603 [2011]; *Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]; *Kramer v Oil Servs., Inc.*, 65 AD3d 523, 523-524 [2009]). Here, Promo-Pro's assertion that it believed that its insurer, Credit General, was providing a defense is unsubstantiated and unreasonable in light of its conceded receipt of the plaintiff's motion for leave to enter a default judgment, which put Promo-Pro on notice that Credit General had not answered the complaint during the more than 10 months since the commencement of the action. With this knowledge, Promo-Pro merely forwarded the motion papers to Credit General without taking any additional measures to ensure that Credit General would interpose a defense. Promo-Pro demonstrated a pattern of persistent neglect which included its failure to answer the complaint, to oppose the plaintiff's motion for leave to enter a default judgment, to make any inquiry upon learning that Credit General had been declared insolvent, and to appear at the inquest (*see Alterbaum v Shubert Org., Inc.*, 80 AD3d at 636; *Edwards v Feliz*, 28 AD3d 512, 513 [2006]). Under these circumstances, the Supreme Court improvidently exercised its discretion in determining that Promo-Pro had demonstrated a reasonable excuse for its failure to appear and oppose the plaintiff's motion for leave to enter default judgment against it (*see Tribeca Lending Corp. v Correa*, 92 AD3d 770, 771 [2012]; *Alterbaum v Shubert Org., Inc.*, 80 AD3d at 636; *cf. Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc.*, 72 AD3d 762 [2010]).

In view of the absence of a reasonable excuse, it is unnecessary to consider whether Promo-Pro sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Tribeca Lending Corp. v Correa*, 92 AD3d at 771; *Alterbaum v Shubert Org., Inc.*, 80 AD3d at 636; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d at 672). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.