In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated April 25, 2012, as granted that branch of the defendant’s motion which was pursuant to CPLR 5015 (a) to vacate an order of the same court dated August 1, 2011, granting the plaintiffs unopposed motion for leave to enter judgment on the issue of liability against the defendant upon his default in appearing or answering, and for leave to serve a late answer.
Ordered that the order dated April 25, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendant’s motion which was to vacate the order dated August 1, 2011, and for leave to serve a late answer, is denied.
Initially, we note that, contrary to the plaintiffs contention, the defendant’s affidavit submitted in support of his motion, inter alia, to vacate a previous order issued upon his default was in admissible form and properly considered by the Supreme Court (see Furtow v Jenstro Enters., Inc., 75 AD3d 494 [2010]).
While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, a general assertion that the default was occasioned by the defendant’s insurance broker or liability carrier is insufficient (see Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791 [2012]; Jackson v Professional Transp. Corp., 81 AD3d 602, 603 [2011]; Lemberger v Congregation Yetev Lev D’Satmar, Inc., 33 AD3d 671, 672 [2006]; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353 [2005]). Here, the defendant’s unsubstantiated claims that he believed that his insurance broker had forwarded the summons and complaint to his insurer and that his insurer was *937 providing a defense are unreasonable given that the defendant was served with the plaintiffs motion for leave to enter a default judgment (see Trepel v Greenman-Pedersen, Inc., 99 AD3d at 791; Alterbaum v Shubert Org., Inc., 80 AD3d 635, 636 [2011]; Epps v LaSalle Bus, 271 AD2d 400 [2000]). The defendant’s claim that he did not receive the plaintiffs motion for leave to enter a default judgment, the default order, and other papers related to this action because the address to which they were mailed did not contain his unit number (see Gray-Joseph v Shuhai Liu, 90 AD3d 988, 990 [2011]) is improperly raised for the first time on appeal and therefore is not properly before this Court (see Hsu v Carlyle Towers Coop. “B, ” Inc., 102 AD3d 835 [2013]; Weill v East Sunset Park Realty, LLC, 101 AD3d 857 [2012]; Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856, 857 [2012]).
Under these circumstances, the Supreme Court improvidently exercised its discretion in determining that the defendant demonstrated a reasonable excuse for his default in appearing or answering (see CPLR 5015 [a] [1]; Trepel v Greenman-Pedersen, Inc., 99 AD3d at 791; Jackson v Professional Transp. Corp., 81 AD3d at 603; Lemberger v Congregation Yetev Lev D’Satmar, Inc., 33 AD3d at 672). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant demonstrated a potentially meritorious defense (see Alterbaum v Shubert Org., Inc., 80 AD3d at 636; Abdul v Hirschfield, 71 AD3d 707, 709 [2010]; Segovia v Deleon Constr. Corp., 43 AD3d 1143, 1144 [2007]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.