In an action to recover damages for personal injuries, etc., the defendant Sansoogapsan II, Inc., appeals from an order of the Supreme Court, Queens County (Butler, J.), dated November 16, 2012, which denied its motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated August 1, 2012, granting that branch of the plaintiffs’ unopposed motion which was for leave to enter a default judgment against it upon its failure to appear or answer the complaint.
Ordered that the order dated November 16, 2012, is affirmed, with costs.
A defendant seeking to vacate a default must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822, 822-823 [2010]). “A decision to vacate a prior order or judgment rests in the sound discretion of the court and will be upheld in the absence of an improvident exercise of that discretion” (Epps v LaSalle Bus, 271 AD2d 400, 400 [2000]; see Kohn v Kohn, 86 AD3d 630 [2011]).
Here, the appellant did not offer a reasonable excuse for its failure to appear or answer the complaint (see Maida v Lessing’s Rest. Servs., Inc., 80 AD3d 732, 733 [2011]; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631, 632 [2010]; Fekete v Camp Skwere, 16 AD3d 544, 545 [2005]). Accordingly, it is unnecessary to consider whether the appellant sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Maida v Lessing’s Rest. Servs., Inc., 80 AD3d at 733; Abdul v Hirschfield, 71 AD3d 707, 709 [2010]). Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.