■ WINSTON HILL, Respondent, v BARBARA STONE, Appellant.
[977 NYS2d 906]—

A defendant seeking to vacate a default in appearing or answering must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825 [2013]; *Arias v First Presbyt. Church in Jamaica*, 100 AD3d 940, 941 [2012]). The defendant's unsubstantiated assertions that she engaged in a telephone conversation with the plaintiff's attorney in an effort to avert litigation and that she could not initially afford an attorney did not constitute a reasonable excuse for her failure to appear or answer (*see U.S. Bank N.A. v Slavinski*, 78 AD3d 1167 [2010]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]; *Matter of Nieto*, 70 AD3d 831, 832 [2010]; *Fattarusso v Levco Am. Improvement Corp.*, 144 AD2d 626, 627 [1988]). Since the defendant failed to demonstrate a reasonable excuse for her default, the Supreme Court properly denied her motion to vacate the order dated November 1, 2010, which granted the plaintiff leave to enter a judgment on the issue of liability. Contrary to the defendant's contention, the plaintiff's alleged failure to file a verification or affidavit of the facts constituting the claim in support of his motion for leave to enter a default judgment pursuant to CPLR 3215 (f) does not relieve the defendant of her burden under CPLR 5015 (a) (1) or otherwise constitute a basis for vacatur of the November 1, 2010, order (*see Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200, 203-204 [2013]; *Zaidman v Zaidman*, 90 AD3d 1035, 1036 [2011]). Rivera, J.P., Hall, Roman and Cohen, JJ., concur.