Dove v 143 Sch. St. Realty Corp. (2019 NY Slip Op 04136)





Dove v 143 Sch. St. Realty Corp.


2019 NY Slip Op 04136


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-08146
2017-12909
 (Index No. 57952/16)

[*1]Gary Dove, respondent, 
v
143 School St. Realty Corp., et al., appellants.


Robert F. Zerilli, Yonkers, NY, for appellant.
Law Offices of Joseph J. Schwartz, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of two contracts for the sale of real property, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Charles Wood, J.), dated May 24, 2017, and (2) an order of the same court (Lawrence H. Ecker, J.), dated November 30, 2017. The judgment, upon an order of the same court dated May 22, 2017 (Lawrence H. Ecker, J.), denying the defendants' motion, in effect, to vacate a prior order of the same court dated November 23, 2016 (Lawrence H. Ecker, J.), granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendants on the issue of liability, is in favor of the plaintiff and against the defendants, inter alia, directing specific performance of the contracts. The order dated November 30, 2017, insofar as appealed from, in effect, upon renewal, adhered to the determination in the order dated May 22, 2017.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order dated November 30, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2016, the plaintiff commenced this action, inter alia, against the defendants for specific performance of two contracts for the sale of real property. The defendants were served on June 20, 2016, by delivery of copies of the summons and complaint to the Secretary of State (see Business Corporation Law § 306). The defendants failed to appear or answer the complaint. In August 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants. The defendants did not oppose the plaintiff's motion and, in an order dated November 23, 2016, the Supreme Court granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants on the issue of liability (hereinafter the default order). The defendants did not appear at a subsequent settlement conference held on December 20, 2016, or at an inquest held on January 23, 2017, despite having received notice of those appearances. On March 1, 2017, the defendants moved, in effect, to vacate the default order pursuant to CPLR 317 and 5015(a)(1). The plaintiff opposed the motion. In an order dated May 22, 2017, the court denied the defendants' motion, and a judgment dated May 24, 2017, was entered in favor of the plaintiff and [*2]against the defendants, inter alia, directing specific performance of the contracts with a reduction of the purchase price of the subject properties. The defendants subsequently moved, inter alia, for leave to renew their prior motion to vacate the default order. In an order dated November 30, 2017, the court, in effect, upon renewal, adhered to the determination in the order dated May 22, 2017. The defendants appeal from the judgment dated May 24, 2017, and from so much of the order dated November 30, 2017, as, in effect, upon renewal, adhered to the prior determination.
"Pursuant to CPLR 317, a defaulting defendant who was served with a summons other than by personal delivery' may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Booso v Tausik Bros., LLC, 148 AD3d 1108, 1108, quoting CPLR 317). "There is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay" (Kircher v William Penn Life Ins. Co. of N.Y., 165 AD3d 1241, 1243; see Evans v City of Mt. Vernon, 163 AD3d 770, 772). "The determination of a motion pursuant to CPLR 317 is addressed to the sound discretion of the trial court, the exercise of which will generally not be disturbed if there is support in the record therefor" (Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d 1197, 1198 [internal quotation marks omitted]). Contrary to the defendants' contention, the evidence in the record demonstrated that they received actual notice of the summons in time to defend the action. The self-serving affidavits of the defendants' owner averring, inter alia, that he was in Florida when the summons and complaint were delivered to a post office box address in New York, amounted to nothing more than a mere denial of receipt of the summons and complaint, and was insufficient to demonstrate that the defendants were entitled to relief under CPLR 317 (see Moran v Grand Slam Ventures, LLC, 160 AD3d 944, 945; Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1055; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; Wassertheil v Elburg, LLC, 94 AD3d 753, 754).
In contrast to a motion pursuant to CPLR 317, a defendant seeking, pursuant to CPLR 5015(a)(1), to vacate an order or judgment entered upon a default must demonstrate a reasonable excuse for the default (see Golden Mtn. Income, LLC v Spencer Gifts, LLC, 167 AD3d 850, 850; Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d 1214, 1216; Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1103-1104). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). Here, the defendants' conclusory denial of receipt of the summons and complaint served through the Secretary of State did not amount to a reasonable excuse for the defendants' default. Although the defendants' owner averred, inter alia, that he was caring for his terminally ill mother, who died on July 29, 2016, and that he did not learn of the action until after the defendants' time to appear or answer the complaint had elapsed, the defendants failed to establish a reasonable excuse for failing to oppose the plaintiff's subsequent motion, inter alia, for leave to enter a default judgment and for otherwise failing to appear in the action until more than three months after the issuance of the default order (see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691; Alterbaum v Shubert Org., Inc., 80 AD3d 635, 636). Furthermore, the defendants' additional assertion that ongoing settlement negotiations between the parties excused their default in failing to appear or answer the complaint, even after the plaintiff indicated its intent to move for leave to enter a default judgment, is without merit (see Turko v Daffy's, Inc., 111 AD3d 615, 616; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784, 785; Kouzios v Dery, 57 AD3d 949, 950; Antoine v Bee, 26 AD3d 306, 306).
In light of the foregoing, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817; Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d at 1217). Accordingly, we agree with the Supreme Court's determination, in effect, upon renewal, to adhere to its original determination denying the defendants' motion, in effect, to vacate the default order.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court