Glanz v Caterers (2019 NY Slip Op 07057)





Glanz v Caterers


2019 NY Slip Op 07057


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-06282
 (Index No. 505552/17)

[*1]Ida Glanz, appellant, 
v
Parkway Kosher Caterers, et al., respondents.


Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Andrew Borrok, J.), dated April 30, 2018. The order denied the plaintiff's motion for leave to enter a default judgment against the defendants on the issue of liability upon their failure to appear or answer and to set the matter down for an inquest on the issue of damages, and granted that branch of the defendants' cross motion which was to compel the plaintiff to accept their late answer.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants on the issue of liability and to set the matter down for an inquest on the issue of damages is granted, that branch of the defendants' cross motion which was to compel the plaintiff to accept their late answer is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.
On February 10, 2017, Ida Glanz allegedly was injured when she tripped and fell in a catering hall operated, managed, and controlled by the defendants. On March 20, 2017, Glanz commenced this personal injury action using the first name Ruchie, which is her Yiddish first name. On March 22, 2017, she filed a supplemental summons and amended complaint using her legal first name, Ida. The sole purpose of the amendment, with respect to the plaintiff, was to correct the first name of the plaintiff. On April 14, 2017, the defendant Parkway Glatt Kosher Caterers, Inc., was served with the supplemental summons and amended complaint by service upon the Secretary of State. On May 11, 2017, the defendant Parkway Kosher Caterers was served with the supplemental summons and amended complaint.
On November 22, 2017, Glanz moved for leave to enter a default judgment against the defendants on the issue of liability upon their failure to appear or answer and to set the matter down for an inquest on the issue of damages. The defendants opposed Glanz's motion and filed a late answer to the amended complaint on December 13, 2017. On March 9, 2018, the defendants cross-moved, inter alia, to compel Glanz to accept their late answer. In the order appealed from, the Supreme Court denied Glanz's motion and granted that branch of the defendants' cross motion which was to compel Glanz to accept their late answer. Glanz appeals.
Contrary to the defendants' contention, the amendment of the complaint and caption did not constitute an improper substitution of a different plaintiff. Rather, the complaint and caption were amended to reflect Glanz's legal name. " [W]here the right party plaintiff is in court but under a defective name or title as party plaintiff, . . . an amendment correcting the title is permissible'" (Bessa v Anflo Indus., Inc., 148 AD3d 974, 977, quoting Covino v Alside Aluminum Supply Co., 42 AD2d 77, 80; see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862; Tilden Dev. Corp. v Nicaj, 49 AD3d 629, 630; Cutting Edge v Santora, 4 AD3d 867, 867-868; First Wis. Trust Co. v Hakimian, 237 AD2d 249, 249). "CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (U.S. Bank N.A. v Eaddy, 109 AD3d 908, 910), and CPLR 5019(a) gives trial and appellate courts the discretion to cure mistakes, defects, and irregularities that do not affect substantial rights of parties (see U.S. Bank N.A. v Eaddy, 109 AD3d at 910; HSBC Bank USA, N.A. v Dalessio, 137 AD3d at 862). The defendants have not demonstrated any prejudice from the amendment. Furthermore, Glanz did not waive the issue of the defendants' default (see Hosten v Oladapo, 44 AD3d 1006, 1007; Katz v Perl, 22 AD3d 806, 807).
In order to be entitled to enter a default judgment upon a defendant's failure to appear or answer the complaint, a plaintiff must submit evidence of service of the summons and complaint upon the defendant, evidence of a viable cause of action, and evidence of the defendant's default in appearing or answering (see CPLR 3215[f]; L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969, 970). Here, Glanz satisfied these requirements (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740).
" In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action'" (Yuxi Li v Caruso, 161 AD3d 1132, 1133, quoting Jong Gwon Kim v Strippoli, 144 AD3d 982, 983; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60). A defendant seeking to vacate a default in appearing or answering is required to make the same showing (see CPLR 5015[a][1]; Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 937-938; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Wells Fargo Bank v Malave, 107 AD3d 880, 880-881). The determination of what constitutes a reasonable excuse lies within the discretion of the trial court (see Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d at 938; Gershman v Ahmad, 131 AD3d 1104, 1105; Fried v Jacob Holding, Inc., 110 AD3d at 60).
Here, the defendants failed to demonstrate a reasonable excuse for their default. In this regard, "a general assertion that the default was occasioned by the defendant's insurance broker or liability carrier is insufficient" (Spitzer v Landau, 104 AD3d 936, 936; see Blythe v BJ's Wholesale Club, Inc., 123 AD3d 1073, 1074; Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791; Jackson v Professional Transp. Corp., 81 AD3d 602, 603). The affidavit of the defendants' manager indicating delay by either their insurance broker or insurance carrier was conclusory and unsubstantiated. The absence of a reasonable excuse for the defendants' default renders it unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843; US Bank N.A. v Smith, 132 AD3d 848, 851).
Accordingly, the Supreme Court improvidently exercised its discretion in denying Glanz's motion for leave to enter a default judgment against the defendants on the issue of liability and to set the matter down for an inquest on the issue of damages, and in granting that branch of the defendants' cross motion which was to compel Glanz to accept their late answer. We remit the matter to the Supreme Court, Kings County, for an inquest on the issue of damages.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court