Uceta v Sherwood, LLC (2020 NY Slip Op 07421)





Uceta v Sherwood, LLC


2020 NY Slip Op 07421


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-11100
 (Index No. 360/15)

[*1]Norma Uceta, respondent,
v
Sherwood, LLC, appellant.


Joseph R. Crafa, Garden City, NY, for appellant.
Mirman, Markovitz & Landau, P.C., New York, NY (David Weissman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered July 17, 2019. The order denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered July 26, 2017, which, upon an order of the same court (Diccia T. Pineda-Kirwan, J.) dated September 4, 2015, granting the plaintiff's motion for leave to enter a default judgment upon the defendant's failure to appear or answer the complaint, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $400,000.
ORDERED that the order entered July 17, 2019, is affirmed, with costs.
On July 22, 2014, the plaintiff allegedly was injured when she fell in or near the elevator lobby of a building owned by the defendant. In January 2015, the plaintiff commenced this action to recover damages for personal injuries. On January 26, 2015, the defendant was served by delivery of the summons and complaint to the Secretary of the State. The defendant failed to appear or answer the complaint.
In an order dated September 4, 2015, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment. On July 26, 2017, after an inquest on the issue of damages, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $400,000.
By notice of motion dated January 5, 2018, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the judgment entered July 26, 2017. In an order entered July 17, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
"A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Pusey v Morales, 181 AD3d 621, 622 [internal quotation marks omitted]; see CPLR 5015[a][1]). "While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, a general assertion that the default was occasioned by the defendant's insurance broker or liability carrier is insufficient" (Spitzer v Landrau, 104 AD3d 936, 936).
Here, the defendant's claim that it believed that its insurance broker had forwarded the summons and complaint to its insurer and that its insurer was providing a defense is unreasonable given that the defendant was served with, among other things, the plaintiff's motion for leave to enter a default judgment and notice for an inquest on damages (see Spitzer v Landau, 104 AD3d at 936-937; Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791).
Contrary to the defendant's contention, the plaintiff's purported failure to provide facts constituting the claim in support of her motion for leave to enter a default judgment does not relieve the defendant of its burden under CPLR 5015(a)(1) to provide a reasonable excuse for the default (see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203-204; Hill v Stone, 113 AD3d 595; Farm Credit Leasing Servs. Corp. v Rubashkin, 107 AD3d 663, 664).
Since the defendant failed to demonstrate a reasonable excuse for its default, it is unnecessary to determine whether it demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 815; Trepel v Greenman-Pedersen, Inc., 99 AD3d at 792).
Finally, the defendant additionally contends that the damages awards for past and future pain and suffering are excessive. Although this Court is not relieving the defendant of its default, the defendant's contention is reviewable (cf. Servino v Konsker, 91 AD2d 249, 253-254). Nevertheless, contrary to the defendant's contention, the damages awards did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001, 1002; Van Ness v New York City Tr. Auth., 288 AD2d 374, 375-376).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the default judgment.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court