Lall v Noisette (2025 NY Slip Op 04892)

Lall v Noisette

2025 NY Slip Op 04892

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-06638
 (Index No. 701464/23)

[*1]Fiona Lall, et al., respondents, 
v
Claudel Noisette, appellant.

Arnold E. DiJoseph, P.C., Staten Island, NY (Arnold E. DiJoseph III of counsel), for appellant.
Vandamme Law Firm, P.C., New York, NY (Hollis Vandamme of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered April 8, 2024. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate an order of the same court entered May 8, 2023, granting the plaintiffs' unopposed motion for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint and directing an inquest on damages.
ORDERED that the order entered April 8, 2024, is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained as a result of an accident involving a car operated by the defendant and a car operated by the plaintiff Fiona Lall, in which the plaintiff Damien Singh was a passenger. The defendant failed to appear or answer the complaint, and the plaintiffs moved for leave to enter a default judgment against him. By order entered May 8, 2023, the Supreme Court granted the plaintiffs' unopposed motion and directed an inquest on damages.
The defendant subsequently moved, among other things, pursuant to CPLR 5015(a) to vacate the May 8, 2023 order, asserting that he was not properly served with process. By order entered April 8, 2024, the Supreme Court, inter alia, denied that branch of the motion without a hearing. The defendant appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Gilhuys v Trovato, 233 AD3d 963, 964; U.S. Bank N.A. v Henry, 219 AD3d 854, 856). "A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Harrison v Schottenstein, 228 AD3d 848, 850; see Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 640). "[W]here there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (Harrison v Schottenstein, 228 AD3d at 850; see Wells Fargo Bank, N.A. v Singh, 204 [*2]AD3d 732, 733). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Harrison v Schottenstein, 228 AD3d at 850; see Wilmington Sav. Fund Socy. v Brotherson, 221 AD3d 1053, 1054).
Here, the plaintiffs' process server attested that the summons and complaint were delivered to "Ms. Noisette," a person of suitable age and discretion whose physical description was set forth in detail, at the undisputed residence of the defendant, followed by the required mailing. This affidavit established, prima facie, that the defendant was properly served pursuant to CPLR 308(2) (see Wells Fargo Bank, N.A. v Singh, 204 AD3d at 733; Bedessee Imports, Inc. v Najjar, 170 AD3d at 640-641).
Contrary to the defendant's contention, his affidavit was insufficient to rebut the presumption of proper service, as his denial of service was not substantiated by specific, detailed facts that contradicted the affidavit of service (see Citimortgage, Inc. v Cardali, 230 AD3d 467, 469; U.S. Bank N.A. v Hawthorne, 207 AD3d 590, 591; Rattner v Fessler, 202 AD3d 1011, 1016). While the defendant averred that he lived with his wife and had no "female relatives" who fit the description contained in the affidavit of service, the defendant never directly stated whether his wife fit the description, and he did not describe his wife or claim any particular discrepancies in appearance between her and the person described in the affidavit of service. Further, the defendant's statement that "no female" lived in his home or was present in his home was unsubstantiated and failed to account for his wife. Accordingly, the Supreme Court properly rejected the defendant's challenge to service of process without a hearing (see Citimortgage, Inc. v Cardali, 230 AD3d at 469; U.S. Bank N.A. v Hawthorne, 207 AD3d at 591).
We reject the defendant's further contention that his default should have been vacated in the interests of substantial justice. While in addition to the grounds set forth in CPLR 5015(a), a court may vacate its own order for sufficient reason and in the interests of substantial justice, "[t]his discretion is reserved for unique or unusual circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142 [internal quotation marks omitted]; see Spota v Cicerone, 229 AD3d 655, 656). Here, the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice (see Deutsche Bank Natl. Trust Co. v Neuman, 214 AD3d 952, 954; Cox v Marshall, 161 AD3d at 1142).
Finally, contrary to the defendant's contention, any failure on the part of the plaintiffs to provide facts constituting the claim in support of their motion for leave to enter a default judgment did not relieve the defendant of his burden of demonstrating a basis to vacate his default (see Heitner v Capital One, N.A., 226 AD3d 979, 982; Uceta v Sherwood, LLC, 189 AD3d 1114, 1115; Hill v Stone, 113 AD3d 595), which burden he failed to meet.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the May 8, 2023 order granting the plaintiffs' motion for leave to enter a default judgment against the defendant and directing an inquest on damages.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court