Dusaj v Waterbridge Ct. Sq. Holdings, LLC (2025 NY Slip Op 06988)

Dusaj v Waterbridge Ct. Sq. Holdings, LLC

2025 NY Slip Op 06988

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-05386
 (Index No. 707038/21)

[*1]Paska Dusaj, appellant, 
vWaterbridge Court Square Holdings, LLC, respondent, et al., defendant.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
John J. Bello, Jr., New York, NY (Scott B. Pero and White & McSpedon [Irwen Abrams], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 28, 2023. The order granted the motion of the defendant Waterbridge Court Square Holdings, LLC, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated January 25, 2022, which granted the plaintiff's unopposed motion for leave to enter a default judgment against that defendant.
ORDERED that the order dated March 28, 2023, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Waterbridge Court Square Holdings, LLC, pursuant to CPLR 5015(a)(1) to vacate the order dated January 25, 2022, is denied.
In July 2018, the plaintiff allegedly was injured when the elevator she was riding in, at a building owned by the defendant Waterbridge Court Square Holdings, LLC (hereinafter the defendant), malfunctioned. In March 2021, the plaintiff commenced this action against the defendant, and another party, to recover damages for personal injuries. The defendant was served with the summons and complaint but failed to appear or answer. The plaintiff thereafter moved for leave to enter a default judgment against the defendant. In an order dated January 25, 2022, the Supreme Court granted the plaintiff's unopposed motion. In September 2022, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the order dated January 25, 2022. In an order dated March 28, 2023, the court granted the defendant's motion. The plaintiff appeals.
"A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank Trust, N.A. v Gomez, 205 AD3d 839, 840; see American Cancer Socy., Inc. v Ashby, 228 AD3d 805, 806). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the [Supreme] [C]ourt" (American Cancer Socy., Inc. v Ashby, 228 AD3d at 806 [internal quotation marks omitted]). "In determining whether a reasonable excuse has been shown, a court should consider all the relevant factors, including the extent of the delay, prejudice to the opposing party, whether the default was willful, and the strong public policy in favor of resolving cases on the merits" (id. [internal quotation marks omitted]).
The Supreme Court improvidently exercised its discretion in granting the defendant's motion to vacate the order granting the plaintiff's motion for leave to enter a default judgment against the defendant. The defendant's excuse—that it believed the lessee of the building was defending the action and, in effect, appearing and answering the complaint, because the defendant had forwarded the complaint to the lessee—was unreasonable (see id.; Uceta v Sherwood, LLC, 189 AD3d 1114, 1115). Moreover, although the plaintiff alleged that it had sent a letter to the defendant dated September 10, 2021, informing the defendant that it had defaulted, the defendant failed to acknowledge that allegation. The defendant also failed to explain why it did not respond and appear for more than three months after it was served with notice of entry of the order dated January 25, 2022.
Because the defendant failed to proffer a reasonable excuse, it is unnecessary to determine whether it demonstrated the existence of a potentially meritorious defense (see American Cancer Socy., Inc. v Ashby, 228 AD3d at 807; Uceta v Sherwood, LLC, 189 AD3d at 1115).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the order dated January 25, 2022.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court